UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO CHUNG,                                  :

                Petitioner,                        :    08 Civ. 177 (JSR) (DF)

    -against-                                            :    **ORDER**

THE UNITED STATES DEPARTMENT            :
OF HOMELAND SECURITY,
                                                        :

                Respondent.
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge.**

On January 9, 2008, Petitioner Alejandro Chung ("Petitioner") filed, in this Court, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 1998 order that he be removed to his native country of Argentina. Petitioner had previously been deported pursuant to that order, but he subsequently returned to the United States, leading to his being indicted in the Eastern District of New York for illegal reentry. On December 6, 2007, however, the Eastern District (Cogan, D.J.) dismissed the indictment on the ground that the underlying deportation order had violated Petitioner's due process rights. On January 16, 2008, Petitioner's habeas action was referred to me by the Honorable Jed S. Rakoff for a report and recommendation as to its appropriate disposition by this Court.

Given the nature of the petition, there appears to be no question here that this Court lacks jurisdiction to address its substance, as, under Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 (May 11, 2005) (codified at 8 U.S.C. § 1252), only the appropriate court of appeals would have jurisdiction to conduct a direct review of a removal order. *See id.* (providing that a "petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued

under any provision of this Act"). Upon this Court's preliminary review of the petition, however, the Court believes there may be an issue here as to whether it would be proper to dismiss the petition outright or, alternatively, to transfer it to an appropriate circuit court.

Although Section 106 of the REAL ID Act "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation," *De Ping Wang v. The Department of Homeland Security*, 484 F.3d 615, 615-16 (2d Cir. 2007), a district court is permitted under 28 U.S.C. § 1631, "in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Indeed, this Court generally must transfer such a petition to the court of appeals, where the petition has been timely filed. *See Paul v. INS*, 348 F.3d 43 (2d Cir. 2003) (holding that district court abused its discretion by refusing to transfer timely filed petition).

In *De Ping Wang,* however, the Second Circuit held that a petition could *not* be transferred under § 1631 if it had been filed in the district court more than 30 days after the date of the final order of removal, which is certainly the case here. *See De Ping Wang*, 484 F.3d at 618 (citing 30-day time limit set forth by 8 U.S.C. § 1252(b)(1)). Nonetheless, the Court of Appeals left open the possibility that, "in some future case, the particular circumstances that prevented a petitioner from seeking review within the 30-day time limit . . . would require us to reexamine whether that limit ought to be treated as jurisdictional now that the petition for review is the exclusive means of obtaining 'judicial intervention in deportation cases.'" *Id.* The question is whether the unusual circumstances of this case warrant such reexamination.

A secondary issue here is whether the Second Circuit would be the appropriate court of appeals to review this petition, should transfer to a court of appeals be appropriate. In his petition, Petitioner does not state whether the initial proceedings before an Immigration Court

2

took place within the Second Circuit, nor does he state whether he is currently being held by federal immigration authorities and, if so, where he is being held.

Accordingly, for the foregoing reasons, it is hereby ORDERED that:

1. The Clerk of the Court shall serve upon the United States Attorney for the Southern District of New York, by certified mail, a copy of this Order, the petition, and any documents filed in support of the petition.

2. No later than March 3, 2008, Petitioner and Respondent shall each submit to this Court a letter addressing: (a) whether, in light of *De Ping Wang,* this Court has jurisdiction to transfer this case to an appropriate court of appeals, pursuant to 28 U.S.C. § 1631; and (b) if so, to which court of appeals this case should be transferred.

Dated: New York, New York
February 4, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. Jed S. Rakoff
United States District Judge

Mr. Alejandro Chung, *pro se*
160-04 Hillside Avenue
Jamaica, NY 11452

The United States Department
of Homeland Security

3