UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO CHUNG,                                  :

        Petitioner,                          :        08 Civ. 177 (JSR) (DF)

   -against-                                         :        **REPORT AND**
                                                                                                 **RECOMMENDATION**
THE UNITED STATES DEPARTMENT            :
OF HOMELAND SECURITY,
                                                        :

        Respondent.
------------------------------------------------------------X

**TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:**

       In an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *pro se* Petitioner Alejandro Chung ("Petitioner") challenges an order that he be removed from the United States to his native country of Argentina. This Court cannot entertain this petition, as the REAL ID Act of 2005, 8 U.S.C. § 1252, gives the courts of appeals exclusive jurisdiction to review removal orders. The only question for this Court is whether it should transfer this matter to the appropriate circuit court or simply dismiss the petition. For the reasons discussed below, I recommend that the action be dismissed.

## BACKGROUND

       Petitioner is a native and citizen of Argentina who was admitted to the United States as a lawful permanent resident on May 7, 1989. (*See* Petition, dated Jan. 9, 2008 ("Pet.") (Dkt. 1), at ¶¶ 3-4; Respondent's Brief, dated Mar. 3, 2008 ("Resp. Br."), Ex. A (Immigration and Naturalization Service ("INS") document captioned "Immigrant Visa and Alien Registration").) On October 5, 1995, Petitioner pleaded guilty to charges of racketeering in violation of 18 U.S.C. § 1962(c) (*See* Pet., at ¶¶ 5-6; Resp. Br., Ex. B (Criminal Judgment Including Sentence).)

He was sentenced by the United States District Court for the Eastern District of New York to time served and three years of supervised release. (*Id.*)

On September 12, 1997, the INS commenced removal proceedings against Petitioner. (*See* Pet., at ¶ 7; Resp. Br., Ex. C (Notice To Appear).) Petitioner was served with a Notice to Appear, charging that, as a result of his criminal conviction of an "aggravated felony," he was removable pursuant to Section 237(a)(2)(A)(iii) of the INA.[1] (Resp. Br., Ex. C.) On June 12, 1998, a deportation hearing was held before Immigration Judge ("IJ") Alan L. Page. (*See* Pet., at ¶ 7; Resp. Br., Ex. D (Decision of IJ, June 12, 1998).) At that hearing, Petitioner's counsel sought a waiver of deportation under INA § 212(c).[2] (*See* Pet., at ¶ 7.) The IJ found that Petitioner was removable and ineligible for a waiver under INA § 212(c) because that section had been repealed and replaced with § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA), which did not allow waivers for aliens convicted of aggravated felonies.[3] (*See* Resp. Br., Ex. D.) Petitioner appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal on August 2, 1999, based substantially on

---

[1] Section 237(a)(2)(A)(iii) of the INA states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

[2] INA § 212(c) allowed a lawful permanent resident, who had lived in the United States for at least seven consecutive years, to seek a discretionary waiver of deportation provided that the alien had not been convicted of one or more aggravated felonies, for which he had served a term of imprisonment of at least five years.

[3] Even though Petitioner's removability was based upon a conviction that was prior to IIRIRA's enactment on September 30, 1996, Section 304(b) of IIRIRA was applied retroactively. (*Id.*) After Petitioner's immigration proceedings had concluded, the Supreme Court decided *INS v. St. Cyr*, 533 U.S. 289 (2001), which held that it was impermissible to deprive aliens of potential relief under INA § 212(c), where they had pleaded guilty prior to its repeal.

the IJ's reasoning.  (*See* Resp. Br., Ex. E (Decision of Board of Immigration Appeals, dated Aug. 2, 1999)).)  Petitioner did not seek any further review of that decision.

Petitioner was deported on May 22, 2001, pursuant to the June 12, 1998 order (*see* Pet., at ¶ 8; Resp. Br., Ex. F (Warrant of Removal/Deportation)), but he subsequently returned to the United States, leading to his being indicted in the Eastern District of New York for illegal reentry (*see* Pet., at ¶ 8), and his receipt of a December 18, 2006 Immigration and Customs Enforcement ("ICE") Notice of Intent/Decision to Reinstate Prior Order (Resp. Br., Ex. H (Notice of Intent/Decision to Reinstate Prior Order)).[4]  On December 6, 2007, however, the Eastern District (Cogan, D.J.) dismissed the indictment on the ground that, in light of *INS v. St. Cyr*, the underlying deportation order had violated Petitioner's due process rights.

Following the Eastern District's decision, Petitioner filed the instant habeas petition, claiming that he is entitled to habeas relief from removal for the same reason that the district court found his removal order defective, *i.e.,* that, by being deprived of the opportunity to seek a waiver of removal under INA § 212(c) during his immigration proceedings, he was denied his due process rights.  (*See* Pet., at ¶¶ 9, 11.)  On February 4, 2008, I issued an Order instructing the parties to make submissions to this Court no later than March 3, 2008, addressing whether, under Section 106 of the REAL ID Act (providing that a "petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act"), it would be proper for this Court to dismiss the petition outright or, alternatively, to transfer it to the appropriate circuit court.

---

[4] Petitioner did not seek to contest the reinstatement.  In the section of the notice captioned "Acknowledgment and Response," Petitioner signed his name alongside the box he checked indicating that he did not wish to contest the determination.  (*Id.*)

3

Apparently, on the same day that the Court issued its Order, Petitioner was deported (*see* Resp. Br., at 3), and it is unclear whether Petitioner ever received a copy of the Court's Order. On March 3, 2008, however, the Court received a submission from Respondent, arguing that the petition should be dismissed as time-barred, in light of the recent decision of the Second Circuit in *Ruiz-Martinez v. Mukasey*, 516 F.3d 102 (2d Cir. 2008).

## DISCUSSION

There is no question that Section 106 of the REAL ID Act "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation," *De Ping Wang v. The Department of Homeland Security*, 484 F.3d 615, 615-16 (2d Cir. 2007), although a district court is usually permitted under 28 U.S.C. § 1631, "in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Indeed, where the habeas petition has been timely filed, this Court generally *must* transfer it to the court of appeals. *See Paul v. INS*, 348 F.3d 43 (2d Cir. 2003) (holding that district court abused its discretion by refusing to transfer timely filed petition).

In *De Ping Wang,* however, the Second Circuit held that a petition could *not* be transferred under § 1631 if it had been filed in the district court more than 30 days after the date of the final order of removal**.** *See De Ping Wang*, 484 F.3d at 618 (citing 30-day time limit set forth by 8 U.S.C. § 1252(b)(1)). Here, Petitioner filed his habeas petition on January 9, 2008, almost 10 years after his final order of removal and over a year after ICE's notice of intention to reinstate his prior removal order. Nonetheless, *De Ping Wang* left open the possibility that, "in some future case, the particular circumstances that prevented a petitioner from seeking review

4

within the 30-day time limit . . . would require us to reexamine whether that limit ought to be treated as jurisdictional now that the petition for review is the exclusive means of obtaining 'judicial intervention in deportation cases.'" *Id.*

In *Ruiz-Martinez*, the Second Circuit addressed any lingering questions as to whether the 30-day time limit should be treated as jurisdictional. 516 F.3d at 114 (stating that "[w]e now consider the 'future case[s]' we presaged in *De Ping Wang*"). Reiterating its holding in *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001), the court held that the 30-day time limit for filing petitions for review is jurisdictional in nature and not subject to equitable tolling for any reason. *Ruiz-Martinez*, 516 F.3d at 117-18 (providing that although *Malvoisin* was decided prior to the enactment of the REAL ID Act, "the REAL ID Act did not alter the language of § 1252(b)(1) or provide any equitable defenses to the strict 30-day filing period such as tolling"). Additionally, the court held that petitioners who received final removal orders prior to the enactment of the REAL ID Act but who did not file a petition for review until after the Act's effective date would be afforded an extension of 30 days from the effective date of the REAL ID Act for the filing of a petition for review. *Id.* at 117. Sumarizing the court's jurisdictional limitations, the Second Circuit stated:

> "[W]e lack jurisdiction to entertain (i) any petition for review filed with this Court challenging a final order of removal issued by the BIA, pursuant to 8 U.S.C. § 1252(b)(1), beyond 30 days after the issuance of the order of removal, (citation omitted) and (ii) in the case where a final order of removal was issued by the BIA prior to the enactment of the REAL ID Act, any petition for review filed more than 30 days after May 11, 2005 – the date of the enactment of the REAL ID Act – or June 10, 2005."

*Id.* at 119.  Applying these rules, the court dismissed for lack of subject matter jurisdiction the petitions for review of two petitioners who attempted to challenge final removal orders issued prior to the REAL ID Act through habeas petitions filed after June 10, 2005.  *Id.* at 120.

In this case, Petitioner's final order of removal was issued on June 12, 1998, his appeal to the BIA was dismissed on August 2, 1999, and the order of removal was reinstated on December 18, 2006.  Petitioner filed his habeas petition on January 9, 2008, considerably more than 30 days after both the issuance of the original removal order and the reinstated removal order, and long after June 10, 2005.  As Petitioner's habeas petition was filed more than 30 days after the final order of removal and after June 10, 2005, and the 30-day limit is not subject to equitable tolling, pursuant to *Ruiz-Martinez*, a circuit court would lack jurisdiction to consider the petition if it were transferred.

Accordingly, as both this Court and the circuit courts lack jurisdiction to hear Petitioner's habeas petition, there is no basis for this Court to transfer the petition to any court of appeals, and dismissal of the petition would be appropriate.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that the petition be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, United States Courthouse, 500 Pearl Street, Room 1340, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street,

Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
May 6, 2008

Respectfully submitted,

Debra Freeman
United States Magistrate Judge

Copies To:

Hon. Jed S. Rakoff
United States District Judge

Mr. Alejandro Chung, *pro se*
160-04 Hillside Avenue
Jamaica, NY 11452

David Bober, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007
(212) 637-2718